**UNITED STATES BANKRUPTCY COURT**
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: ROBERT N. KLASKIN and § Case No. 09-23876
SHARON HORWATH -KLASKIN § Hon. JACQUELINE P. COX
§ Chapter 7
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 06/30/2009 .

The undersigned trustee was appointed on 06/30/2009 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S. C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $48,509.60

Funds were disbursed in the following amounts:

| | |
|---|---|
| Administrative expenses | $0.00 |
| Payments to creditors | $0.00 |
| Non-estate funds paid to 3rd Parties | $0.00 |
| Payments to the debtor | $0.00 |
| Leaving a balance on hand of [1] | $48,509.60 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 11/23/2009. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $5,600.96. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $5,600.96, for a total compensation of $5,600.96. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $24.14, for total expenses of $24.14.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/15/2009   By: /s/ ALLAN J. DeMARS
                        Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TFR (9/1/2009)**

EXHIBIT "A" – FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Case No. 09-23876                                                                 Trustee Name: Allan J. DeMars

Case Name: ROBERT N. and SHARON H. KLASKIN                                        Date Filed (f) or Converted (c): 6/30/09 (F)

For Period Ending: 12/31/09                                                       §341(a) Meeting Date: 8/12/09

Claims Bar Date: 11/23/09

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref # | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon DA=§ 554(c) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | residence located at 1318 E. Waverly Place, Arlington Heights, IL | 350,000.00 | 0.00 | DA | | FA |
| 2 | time share | 640.00 | 0.00 | DA | | FA |
| 3 | Village Bank & Trust checking account | 300.00 | 0.00 | DA | | FA |
| 4 | Village Bank & Trust checking account | 35.00 | 0.00 | DA | | FA |
| 5 | Charter One | 100.00 | 0.00 | DA | | FA |
| 6 | Irrevocable Family Insurance Trust | 109.00 | 0.00 | DA | | FA |
| 7 | household goods | 4,000.00 | 0.00 | DA | | FA |
| 8 | wearing apparel | 400.00 | 0.00 | DA | | FA |
| 9 | jewelry | 2,000.00 | 0.00 | DA | | FA |
| 10 | Great West Ins. Co. | 923.00 | 0.00 | DA | | FA |
| 11 | Genworth Life Ins. | 0.00 | 0.00 | DA | | FA |
| 12 | New York Life Ins. | 0.00 | 0.00 | DA | | FA |
| 13 | Pershing IRA | 11,958.16 | 0.00 | DA | | FA |
| 14 | Klaskin & Klaskin, Ltd. 401k | 1,208.96 | 0.00 | DA | | FA |
| 15 | Pershing IRA | 14,079.70 | 0.00 | DA | | FA |
| 16 | Pershing IRA | 3,724.45 | 0.00 | DA | | FA |
| 17 | Americo IRA | 10,675.04 | 0.00 | DA | | FA |
| 18 | Allianz IRA | 32,832.83 | 0.00 | DA | | FA |
| 19 | Klaskin & Klaskin 401k | 3,013.77 | 0.00 | DA | | FA |
| 20 | 2001 Subaru Forrester | 6,000.00 | 0.00 | DA | | FA |

| | | | | | | |
|---|---|---|---|---|---|---|
| 21 | Robert N. Klaskin Living Trust | 72,278.00 | 25,000.00 | | 43,679.96 | FA |
| 22 | recovery of preferences(u) | 0.00 | 4,825.84 | | 4,825.84 | FA |
| 22 | interest on invested funds | | | | 3.80 | |

```
TOTALS (Excluding unknown values)                    29,825.84            48,509.60
                                                                       (Total Dollar Amount in Column 6)
```

Major activities affecting case closing: preference recovery; liquidation of trust

Initial Projected Date of Final Report (TFR):_____12/09_____    Current Projected Date of Final Report (TFR): ___12/15/09___

EXHIBIT "A" FORM 2
**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 09 B 23876   Trustee's Name: Allan J. DeMars
Case Name: ROBERT N. and SHARON H. KLASKIN   Bank Name: Bank of America
Taxpayer ID#: 27-6221319   Initial CD #: CDI
For Period Ending: 12/31/09   Blanket bond (per case limit): 5,000,000
Separate bond (if applicable):
Money Market #: 375 556 1146

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| 9/21/09 | Ref 22 | Sleep & Behavior Medicine Institute | repayment of preference | 1241-000 | 1,225.84 | | 1,225.84 |
| 9/22/09 | Ref 22 | David E. Feldman | repayment of preference | 1241-000 | 2,000.00 | | 3,225.84 |
| 9/29/09 | Ref 21 | Royal Alliance | partial liquidation of account in the Robert N. Klaskin living trust | 1129-000 | 17,340.96 | | 20,566.80 |
| 9/30/09 | Ref 23 | Bank of America | interest on invested funds | 1270-000 | 0.07 | | 20,566.87 |
| 10/7/09 | Ref 22 | Pathfinder Brain Spect | repayment of preference | 1241-000 | 1,600.00 | | 22,166.87 |
| 10/26/09 | Ref 21 | Allianz | partial liquidation of account in Robert N. Klaskin living trust | 1129-000 | 26,339.00 | | 48,505.87 |
| 10/31/09 | Ref 23 | Bank of America | interest on invested funds | 1270-000 | 2.13 | | 48,508.00 |
| 11/13/09 | Ref 23 | Bank of America | interest on invested funds | 1270-000 | 1.60 | | 48,509.60 |
| | | | | COLUMN TOTALS | 48,509.60 | 0 | 48,509.60 |

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 09-23876
Case Name: ROBERT N. KLASKIN and SHARON HORWA
Trustee Name: ALLAN J. DeMARS

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| NONE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Trustee*  ALLAN J. DeMARS | $5,600.96 | $24.14 |
| *Attorney for trustee*  ALLAN J. DeMARS | $5,241.75 | |
| *Appraiser* | | |
| *Auctioneer* | | |
| *Accountant*  LOIS WEST/POPOWCER, KATTEN, LTD. | $1,032.00 | |
| *Special Attorney for trustee* | | |
| *Charges,  U.S. Bankruptcy Court* | | |
| *Fees, United States Trustee* | | |
| *Other* | | |

**UST Form 101-7-TFR (9/1/2009)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| *Attorney for debtor* | | |
| *Attorney for* | | |
| *Accountant for* | | |
| *Appraiser for* | | |
| Other | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling ___$250,529.75___ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be __14.6__ percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Discover Bank | $10,161.72 | $1,484.97 |
| 2 | Discover Bank | $6,592.16 | $963.33 |
| 3 | Advanta Bank Corp. | $17,094.37 | $2,498.06 |
| 4 | Chase Bank USA NA | $15,569.28 | $2,275.19 |
| 5 | Chase Bank USA NA | $11,575.58 | $1,691.58 |
| 6 | Chase Bank USA NA | $7,614.43 | $1,112.72 |
| 7 | Chase Bank USA NA | $6,692.78 | $978.04 |
| 8 | Chase Bank USA NA | $5,159.44 | $753.97 |
| 9 | American Express Centurian Bank | $4,226.48 | $617.63 |
| 10 | American Express Bank FSB | $5,339.43 | $780.27 |
| 11 | American Express Bank FSB | $9,362.36 | $1,368.15 |
| 12 | American Express Bank FSB | $7,638.88 | $1,116.29 |
| 13 | Sleep & Behavior Medicine Inst. | $1,225.84 | $179.14 |

**UST Form 101-7-TFR (9/1/2009)**

| 14 | PYOD LLC assignee of Citibank | $1,876.65 | $274.24 |
|---|---|---|---|
| 16 | FIA Card Services successor to Bank of America and MBNA | $8,298.36 | $1,212.67 |
| 17 | FIA Card Services successor to Bank of America and MBNA | $45,798.81 | $6,692.74 |
| 18 | US Bank NA | $27,828.18 | $4,066.62 |
| 19 | Marlin Business Leasing | $17,614.94 | $2,574.13 |
| 20 | US Bank NA | $18,081.79 | $2,642.35 |
| 21 | Fifth Third Bank | $22,778.27 | $3,328.66 |

Tardily filed claims of general (unsecured) creditors totaling _____$0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be ___0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____$0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be ___0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

The amount of surplus returned to the debtor after payment of all claims and interest is _____$0.00.

**UST Form 101-7-TFR (9/1/2009)**